## Commonwealth v. Gajewski.

*M. Bernard Hoffman*, for Commonwealth.
*Lee Friday*, for defendant and rule.

SCHAEFFER, P. J., Feb. 25, 1928.—The defendant was indicted and tried upon a bill charging statutory rape, taking a female child under the age of sixteen years, and fornication and bastardy. The jury returned a verdict of not guilty upon the first two counts and convicted upon the third.

The defendant has now moved for a new trial, and assigns as error the action of the court in permitting the prosecutrix to exhibit the child to the jury. At the time of trial the child was twenty-three days old. From the record it appears that private counsel for the Commonwealth said, when the mother of the child was upon the stand, "Let us see the baby. I would like to have her show the baby to the jury." To this the defendant objected. The objection was overruled, and the mother of the child did walk before the jury and permit them to see the child.

This is alleged as error. There is no allegation that the Commonwealth, in its argument or otherwise, attempted to induce the jury to conclude from this momentary view of the baby that its features resembled those of the defendant.

Is the mere exhibition of a child less than thirty days of age to the jury in a fornication and bastardy case such error as requires the granting of a new trial after conviction?

In the great majority of bastardy cases the prosecutrix brings her child to court with her, and in most cases takes the child with her when she goes upon the witness-stand. It would seem that an endeavor to employ a comparison of the features of a very young child with those of the alleged father as evidence to obtain or to support a conviction would be error, because any such "imaginary similarity" must be held to be "so fanciful and visionary as to be of no value as an item of substantive proof:" Com. *v.* Pearl, 33 Pa. Superior Ct. 97, 100. But in the case just cited it was not held to have been error for the district attorney to take the child, there sixteen months of age, in his arms and to exhibit it to the jury and to call their attention to an alleged resemblance to the defendant. In Com. *v.* Burdge, 30 Dist. R. 289, Judge Barnett says that "argument for the prosecution, based upon supposed resemblance of the prosecutrix's child to the defendant, seems to be permissible in Pennsylvania, however unreliable such evidence may be," but he does point out it is only fair that, by profert of the child or some other method, notice should be given to the defense in advance of the summing up that an argument would be made upon the alleged resemblance. In jurisdictions

other than Pennsylvania there is much conflict upon this point: 40 Am. Law Reps. 94, and note. With us, it seems that the question is largely one within the discretion of the trial judge: Com. *v.* Pearl, *supra.* In our case, in the absence of any argument by the Commonwealth that there was a resemblance between the features of the defendant and the child, we cannot conclude that the mere exhibition of the child to the jury was prejudicial to the defendant or contrary to the law of this Commonwealth.

And now, to wit, Feb. 25, 1928, rule discharged.

From Charles K. Derr, Reading, Pa.